# A. H. Ingram *v.* A. C. Harris, J. C. Harris and Harvey Spencer, Appellants.

*Practice, C. P.—Trial—Neglect to make formal offer of proof.*

Intimations from the trial judge that a certain line of evidence excluded on cross-examination of plaintiff's witnesses if offered would be excluded in defendant's case in chief do not excuse the defendant from making the offer of the proof in their own case in chief.

*Forthcoming property bond—Evidence—Effect of the recitals.*

A forthcoming property bond being conditioned for the delivery of property, claimed as owned by the obligors, the obligors are responsible for the recitals, and they may not be permitted in a suit on the bond to prove that the goods levied on and for which they gave their bond did not in fact belong to them.

Argued Nov. 22, 1898. Appeal, No. 1, Oct. T., 1898, by defendants, from judgment of C. P. Chester Co., April T., 1897, No. 17, on verdict for plaintiff. Before RICE, P. J., ORLADY, SMITH, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Assumpsit. Before BUTLER, J.

It appears from the record and evidence that two executions having been issued against defendants A. C. Harris and J. C. Harris, and levy having been made on the property of a farm, rules were obtained to show cause why the judgments on which executions were issued should not be opened. When these rules were obtained the two defendants with Harvey Spencer as surety, gave the bond to A. H. Ingram, plaintiff, then sheriff in Chester county, who made the levy in question. At the time of the levy some of the other occupants of said farm notified the said sheriff of their ownership of certain property he had levied upon as follows: "Whereas, the said sheriff has levied upon certain personal property belonging to the above stated defendants by virtue of the above stated executions, and whereas a rule has been granted by the court of common pleas of said county to show cause why the judgment above stated shall not be set aside for fraud. Now the condition of this obligation is such that if the said defendants shall deliver up to the said sheriff all the goods and chattels men-

302 INGRAM *v.* HARRIS.

Statement of Facts—Assignment of Errors.  [9 Pa. Superior Ct.

tioned in said executions belonging to the said defendants whenever they shall lawfully be required so to do, in as good condition as when levied upon and without delay, then this obligation to be void or else to remain in full force and virtue."

The court subsequently disposed of the application to open and avoid the judgments under which the writs were issued in favor of the executions. The sheriff then proceeded and sold certain portions of the property levied upon, and a certain other portion not being forthcoming he brought suit upon the bond.

Verdict and judgment for plaintiff for $239. Defendants appealed.

*Errors assigned* were (1) the plaintiff in his statement having claimed that a bond was given him by the defendants, "conditioned for the delivery to him by the defendants without delay of the property above specified," to wit: "1 gray horse, 2 cows, 75 chickens, all of household furniture," etc., the court below erred in permitting the plaintiff to offer in evidence the bond executed by the defendants, no such condition appearing in said bond, to which ruling an exception was noted as follows: " Mr. Hause : I desire to offer in evidence and read to the jury the bond in suit. . . . Mr. Harris : I object to the offer of the bond. By the Court: We will admit the bond. Mr. Harris : I would like to have an exception. To which ruling counsel for defendant excepts, and prays the court to seal a bill of exceptions thereto, which is done accordingly." (2) In ruling that the defendants had no right to show that they were not the owners of the property in suit, and that they could not raise any question as to title, as follows : " By the Court : . . . . We cannot see how the court can have overruled your demurrer without having held that the question of title was not involved, and we shall therefore so hold in this case, and we shall confine you to proof touching what property of that levied on was not forthcoming, and its value. Mr. Harris : You hold we have no right to raise any question as to title ? By the Court: As to title, no. To which ruling counsel for defendants excepts, and prays the court to seal a bill of exceptions thereto, which is done accordingly." (3) The plaintiff having testified that he did not sell the property in suit, as follows :

"Q. I wish you would state to the court and jury what property levied upon you did not sell.    A. . . . One horse Prince and a gray horse . . . . two cows, half interest in a binder, one four-horse wagon," etc.   The court erred in not allowing the defendants to ask the plaintiff the following question in cross-examination: Q. Mr. Ingram, after affidavits of the various claims were filed with you on the day of the sale which you have mentioned, you then declined to sell this property? Mr. Hause: That is objected to on the same ground.   Objection sustained.   To which ruling counsel for defendants excepts, and prays the court to seal a bill of exceptions thereto, which is done accordingly."

*W. S. Harris.* for appellants.—It was not the right of the plaintiff to offer in evidence a bond which did not contain the condition claimed by him in his statement filed in the case.   A judgment for the plaintiff is based on the right of action set forth in the declaration and cannot be extended beyond it: Sullivan County v. Middendorf, 7 Pa. Superior Ct. 71.

The allegata and probata must agree; the latter must support the former: Boones v. Chiles, 10 Pet. 177.   See also Erb v. Kindig, 6 Dist. Rep. 418.

*J. Frank E. Hause,* for appellee.—When the levies were made, no claims by third parties, to any of the property levied upon were filed with the sheriff, nor did the defendants give notice or even intimate that the property was not theirs.   They assumed to be the owners and gave their bond to cover the value of the property: 2 Am. & Eng. Ency. of Law, 462.

The defendants further assert in their bond that this property belonged to them.   This recital is binding upon them and is an admission of the fact of ownership: 2 Am. & Eng. Ency. of Law, 464.

When the bond passed into the sheriff's hands for his protection, he was entitled to rely upon the admissions and statements in the bond: 2 Herman on Estoppel, sec. 630.

The purpose in giving the bond was to secure the sheriff.

OPINION BY WILLIAM W. PORTER, J., January 18, 1899:

The bond sued on was properly admitted in evidence under the statement of claim.   The only question is, whether the de-

fendants should have been permitted to prove that the goods levied on (and for which they gave their bond) did not, in fact, belong to them. Apparently, we have not been furnished with the whole of the evidence. It does not appear that the defendants offered any evidence of the fact sought to be proven. They attempted to introduce it by cross-examination of the plaintiff's witness. True, the trial judge clearly indicated what his ruling would be if such evidence were offered by the defendants, but this did not excuse the defendants from making the offer of proof in their own case in chief.

Apart from this, however, the evidence was inadmissible. In order to obtain a true construction, the whole bond must be taken into consideration. Papers, specifically referred to therein, must be considered as part of it. Here the defendants, on procuring the order of stay, gave a bond to the sheriff specifically referring to the writs of execution in the sheriff's hands. The recital is that the " sheriff has levied upon certain personal property belonging to the above stated defendants, by virtue of the above stated executions." The condition of the bond is "that if the said defendants shall deliver up to the said sheriff all the goods and chattels mentioned in said executions, belonging to said defendants," the obligation to be void, or else to remain in full force and virtue. This is the bond of the defendants. They are responsible for its recitals. They have said to the sheriff that the levy has been made upon their personal property. The condition of the bond imposes an obligation on them to deliver up the property mentioned in the executions, or failing so to do, to be liable. If the defendants did not own the property levied upon, why did they give a bond for a stay? If there was any doubt as to their ownership of all the goods recited to be levied upon as their property, the time for the obligors to make certain the items of property to be returned to the sheriff was when they gave their bond. It would be opening a door to litigation and the evasion of execution process, if under such a bond as this the defendants were permitted, when sued on the bond, to show that the whole or any part of the property levied on, was that of third persons.

The judgment is affirmed.